NO. 07-04-0353-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 15, 2004
_____

ANDREW PAUL JIMINEZ, JR., aka FRANCISCO CASTILLO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 15,832-A; HON. HAL MINER, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant, Andrew Paul Jimenez, Jr., aka Francisco Castillo, appeals his conviction for possessing a controlled substance. We dismiss the proceeding for lack of jurisdiction.

The judgment from which appellant is appealing indicates that sentence was imposed on May 10, 2004. Appellant then filed a notice of appeal on June 10, 2004.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). A motion for new trial may be filed no later than 30

days after the date sentence is imposed in open court. TEX. R. APP. P. 21.4(a). Given this, appellant's motion for new trial was due to be filed on June 9, 2004; yet, none was. Under Rule 26.2(a), appellant's notice of appeal, therefore, was due by June 9, 2004, 30 days after the day sentence was imposed. Because the record discloses that appellant hand delivered it to the clerk on June 10, 2004 (without seeking an extension of the deadline), it was and is late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, then we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

It is so ordered.


Per Curiam

Do not publish.